542 S.E.2d 856

**Lillian WILSON, Grievant/Petitioner Below, Appellant,**

v.

**MARION COUNTY HEALTH DEPARTMENT, Respondent Below, Appellee.**

No. 27763.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 20, 2000.

Decided Dec. 5, 2000.

Dissenting Opinion of Justice McGraw Jan. 16, 2001.

**694**

Randy C. Kniha, Esq., Manchin & Aloi, Fairmont, West Virginia, Attorney for Appellant.

Frances C. Whiteman, Esq., Whiteman, Burdette & Radman, PLLC, Fairmont, West Virginia, Attorney for Appellee Marion County Health Department.

Darrell V. McGraw, Jr., Attorney General, Donald L. Darling, Senior Deputy Attorney General, Charleston, West Virginia, Attorneys for Division of Personnel.

PER CURIAM:

This is appeal by Lillian Wilson from an order of the Circuit Court of Marion County which affirmed a decision of the West Virginia Education and State Employees Grievance Board holding that the Marion County Health Department properly terminated Ms. Wilson's employment during a reduction in force. In rendering the decision, the circuit court, in effect, ruled that Ms. Wilson was not entitled to tenure credit for certain days while she was off work due to a work-related injury. On appeal, Ms. Wilson claims that the court should have remanded her case for an additional administrative hearing to afford her an opportunity to present newly discovered evidence that would have established her entitlement to the additional tenure credit.

## I.

### FACTS

In August 1998, the Marion County Health Department informed the West Virginia Division of Personnel that it would be required to reduce its staff because of a lack of work and a lack of funding. To accomplish the reduction of staff, the Marion County Health Department devised a plan to dismiss employees on the basis of tenure. The Marion County Health Department filed the proposed plan with the West Virginia Division of Personnel, and also filed the tenure calculation for its employees with the Division. The Division of Personnel approved the lay-off plan and returned the tenure calculations to the Marion County Health Department for further verification.

While employed with the Marion County Health Department, the appellant Lillian Wilson suffered an on-the-job injury covered by West Virginia's Workers' Compensation Act, and she was awarded temporary total disability benefits under the Act. Under regulations covering Ms. Wilson's employment, she was entitled to tenure credit while she was away from work and was receiving temporary total disability benefits. At a certain

point, the Workers' Compensation Division terminated the payment of Ms. Wilson's temporary total disability benefits. Ms. Wilson protested the termination, and commenced workers' compensation litigation to reverse the termination.

On December 9, 1998, while the litigation over the termination of Ms. Wilson's temporary total disability benefits was still pending, the Marion County Health Department, as a part of its reduction-in-force, terminated Ms. Wilson's employment. This decision was predicated on its conclusion that she was the Department's least senior employee. Following her layoff, Ms. Wilson filed a grievance pursuant to the provisions of W. Va. Code 29–6A–1, *et seq.*

While Ms. Wilson prosecuted her grievance, her workers' compensation claim for additional temporary total disability benefits remained in litigation, and it was still unresolved on April 7, 1999, when the West Virginia Education and State Employees Grievance Board rendered its final decision.

On April 16, 1999, nine days after the Grievance Board decision, the Workers' Compensation Division granted Ms. Wilson temporary total disability benefits for the period December 13, 1994, through May 12, 1995. As a consequence, she claims in the present proceeding that she was entitled to an additional 152 tenure credit days and that if this credit had existed at the time of her layoff, she would have been more senior than an employee retained by the Marion County Health Department.

Ms. Wilson petitioned the Circuit Court of Marion County to review the administrative law judge's decision and, in the course of the review, she requested a remand of the case for an additional administrative hearing so that newly discovered evidence, that she was entitled to the days of temporary total disability which had been in litigation, could be considered.

The circuit court refused to remand the action for taking of newly discovered evidence and affirmed the decision upholding Ms. Wilson's layoff. It is from the circuit court's action that Ms. Wilson now appeals.

## II.

### STANDARD OF REVIEW

This Court has indicated that it reviews decisions of a circuit court in an administrative case under the same standard as that by which the circuit court reviews the decision of the administrative law judge in the administrative proceeding. *Martin v. Randolph County Board of Education*, 195 W.Va. 297, 465 S.E.2d 399 (1995).

West Virginia Code 18–29–7 provides that a circuit court may set aside a decision of a hearing examiner in a case such as the one presently before the Court if a decision is arbitrary, capricious, an abuse of discretion, or contrary to the law. *Martin v. Randolph County Board of Education, id.,* and *Board of Education of the County of Mercer v. Wirt,* 192 W.Va. 568, 453 S.E.2d 402 (1994). Further, the Court has indicated that: "A final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W. Va.Code, 18–29–1, *et seq.* (1995), and based upon findings of fact, should not be reversed unless clearly wrong." Syllabus Point 1, *Randolph County Board of Education v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989).

## III.

### DISCUSSION

Judicially, it is generally recognized that the correctness of a ruling is assessed by examining the facts as they existed at the time of the ruling. As stated in 5 C.J.S. Appeal and Error § 730:

> [O]rdinarily, the correctness of the ruling complained of will be determined on appeal as of the time when it was made and according to what the record shows was before the lower court at that time.
>
> So, as a general rule, matters subsequently communicated or brought to light or happening after the ruling objected to, and hence not considered by the lower court in connection with the ruling complained of, will not be considered on appeal.

*See, Martin v. Randolph County Board of Education, supra.*

In the present case, the West Virginia Education and State Employees Grievance Board rendered a decision on April 7, 1999. At that time, Ms. Wilson had not been granted credit for the 152 days of temporary total disability benefits to which she claimed that she was entitled under the Workers' Compensation law although her claim for such benefits was in litigation. Under the state of the facts as they existed at that time, she was the employee subject to dismissal under the reduction-in-force plan adopted by the Marion County Health Department. The same situation prevailed at the time the West Virginia Education and State Employees Grievance Board rendered its decision.

In view of the fact that the decision rendered by the West Virginia Education State Employees Grievance Board was supported by the facts as they existed at the time of the ruling, this Court cannot conclude that that ruling was clearly wrong or that the circuit court erred in affirming the decision of the Board, notwithstanding the fact that later factual developments might have supported a different decision by the Board.

The Court notes that Ms. Wilson also argues that the circuit court should have remanded the case for the development of the new evidence that she was entitled to temporary total disability benefits, and derivatively to tenure credit for the time she was off work and not receiving temporary total disability benefits. In asserting this point, she claims that Rule 60(b) of the West Virginia Rules of Civil Procedure authorizes such a remand.

The grievance which Ms. Wilson brought, and which forms the basis of this proceeding, was an administrative grievance, and the Circuit Court of Marion County reviewed that decision under authority granted by W. Va.Code 29–6A–7. That statutory section limits what a reviewing court may consider, and do, during the review process. The statutory section states, in relevant part:

(b) Either party or the director of the division of personnel may appeal to the circuit court of Kanawha County or to the circuit court of the county in which the grievance occurred on the grounds that the hearing examiner's decision:

(1) Is contrary to law or a lawfully adopted rule or written policy of the employer;

(2) Exceeds the hearing examiner's statutory authority;

(3) Is the result of fraud or deceit;

(4) Is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or

(5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The section does not grant the circuit court jurisdiction to take evidence to supplement the record.

Rule 81(a) of the West Virginia Rules of Civil Procedure states that the Rules of Civil Procedure apply only in limited circumstances during a circuit court's review of an administrative decision. The relevant portion of Rule 81(a) states: "[T]hese rules ... apply in a trial court of record when any testimony is taken before the court in the judicial review of an order or decision rendered by an administrative agency." [1]

Since W. Va.Code 29–6A–7 does not authorize a reviewing court to take new testimony in the appeal of a case such as the one presently before the Court, and since Rule 81(a) of the Rules of Civil Procedure provides that the Rules apply only when evidence is taken before a reviewing court in an administrative proceeding, the Court concludes that the circuit court had no authority under Rule 60(b) of the Rules of Civil Procedure to make a remand of Ms. Wilson's case.

---

1. Rule 81(a) of the Rules of Civil Procedure states in its entirety:

(a) *To what proceedings applicable.*—(1) Review of decisions of magistrates and administrative agencies.—When the appeal of a case has been granted or perfected, these rules apply, except that, in a case on appeal from a magistrate court, Rules 26 through 37 may not be used and no pleadings other than those used in the case in the magistrate court may be used except by order of the appellate court in the proceeding after the appeal has been granted or perfected. Likewise, these rules, where applicable, apply in a trial court of record when any testimony is taken before the court in the judicial review of an order or decision rendered by an administrative agency.

In view of all this, the Court does not believe that the circuit court erred in refusing to remand Ms. Wilson's case under Rule 60(b) for the taking of newly discovered evidence.

The judgment of the Circuit Court of Marion County is, for the reasons stated, affirmed.

Affirmed.

McGRAW, Justice, dissenting:

(Filed Jan. 16, 2001)

The Court's decision in the present case is abhorrent to basic principles of fairness. Ms. Wilson was wrongfully refused temporary total disability benefits and, as a direct result, lost the seniority that would have permitted her to keep her job. I simply fail to see how this Court can countenance such an unjust result. At the very least, the Grievance Board's action in rendering a decision on Ms. Wilson's grievance prior to a determination of her entitlement to continued workers' compensation benefits (and thus additional tenure credit) was arbitrary and capricious and characterized by an abuse of discretion, a circumstance clearly warranting relief under W. Va.Code § 29–6A–7(b). For that reason, I respectfully dissent.